**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cynthia Purcell,                 Appellant,

v.

William R. Ferrara and Julie D. Ferrara,              Respondents.

———————

Appeal from Aiken County
James D. Bailey, Special Referee

———————

Unpublished Opinion No. 2012-UP-449
Submitted May 1, 2012 – Filed July 18, 2012

———————

**AFFIRMED**

———————

Tucker S. Player, of Columbia, for Appellant.

William R. Ferrara, pro se, of Aiken.

**PER CURIAM:** Cynthia Purcell appeals the order of the special referee denying her injunctive relief, arguing the order is inconsistent and not

supported by the evidence presented at trial. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: <u>Florence Cnty. Sch. Dist. No. 2 v. Interkal, Inc.</u>, 348 S.C. 446, 450, 559 S.E.2d 866, 868 (Ct. App. 2002) ("In actions in equity referred to a special referee with finality, the appellate court may view the evidence to determine the facts in accordance with its own view of the preponderance of the evidence, though it is not required to disregard the findings of the special referee."); <u>Shaw v. Coleman</u>, 373 S.C. 485, 496, 645 S.E.2d 252, 258 (Ct. App. 2007) ("The traditional concept of a nuisance requires a landowner to demonstrate that the defendant unreasonably interfered with his ownership or possession of the land." (citation and quotation marks omitted)); <u>LeFurgy v. Long Cove Club Owners Ass'n</u>, 313 S.C. 555, 558, 443 S.E.2d 577, 578 (Ct. App. 1994) ("The remedy of injunction is a drastic one and should be cautiously applied only when legal rights are unlawfully invaded or legal duties are willfully or wantonly neglected.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.